IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LANCE MURPHY,
    Petitioner,

vs.                                  Case No. 3:09cv78/LAC/EMT

STATE OF FLORIDA,
    Respondent.
_____/

# O R D E R

Petitioner, an inmate at the Escambia County Jail ("ECJ"), initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). The filing fee has been paid. Now pending before the court are Petitioner's amended habeas petition and separately filed "Statement of Facts" in support of the petition (Docs. 16, 19), as well as Petitioner's "Request for Documents" and "Motion for Extension of Time" (Docs. 20, 21).

Initially, the court notes that Petitioner's "Statement of Facts" appears to be a request by Petitioner to supplement the amended habeas petition with the following exhibits: (1) a letter dated March 26, 2007, from the warden of Staton Correctional Facility, an Alabama Department of Corrections facility, to the "District Attorney" of Escambia County, Florida; (2) a "Certificate for Mandatory Disposition of Detainer"; (2) a copy of a "Motion for Final Disposition under the Interstate Agreement on Detainers Act," captioned for the County Court in and for Escambia County, Florida; (3) an "inmate summary" from the Alabama Department of Corrections dated March 7, 2007; and (4) an "Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Informations or Complaints" (*see* Doc. 19 at 4–9). Thus, Petitioner's "Statement of Facts" shall be construed as a motion to supplement the amended habeas petition with the foregoing exhibits. Petitioner is advised, however, that the submission of exhibits at this time is unnecessary. Respondent will be required to submit, in conjunction with his answer, those portions

of the state court record that he deems relevant. Petitioner will then have the opportunity to file a reply, at which time he may submit additional portions of the state court record that he deems necessary. Upon receipt of the answer and Petitioner's reply, the court will review the file to determine whether expansion of the record is necessary and whether an evidentiary hearing is required. An evidentiary hearing will not be required unless consideration of disputed evidence outside the state court record appears necessary to the court. If it is determined that an evidentiary hearing is not required, the court will make such disposition of the petition as justice requires pursuant to § 2254 Rule 8(a). Therefore, Petitioner's motion to supplement the amended habeas petition with exhibits shall be denied.

Additionally, Petitioner is advised that a petition for writ of habeas corpus may not be entertained in federal court unless Petitioner has first exhausted his state remedies. 28 U.S.C. § 2254(b)(1)(A); Castille v. Peoples, 489 U.S. 346, 349, 109 S. Ct. 1056, 1059, 103 L. Ed.2 d 380 (1989); Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998). The courts of Florida must be given an opportunity to consider Petitioner's legal theory of a federal constitutional deficiency and the factual basis for that theory. Picard v. Connor, 404 U.S. 270, 277–78, 92 S. Ct. 509, 513, 30 L. Ed. 2d 438 (1971). In order to exhaust the issue, Petitioner must fairly and substantially present his claim to the state court prior to filing a petition in federal court. Castille, 489 U.S. at 351, 109 S. Ct. at 1060; Watson v. Dugger, 945 F.2d 367, 371–72 (11th Cir. 1991). "[T]he requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court." Keeney v. Tamayo-Reyes, 504 U.S. 1, 10, 112 S. Ct. 1715, 1720, 118 L. Ed. 2d 318 (1992). Instead, "the petitioner [must] afford the State a full and fair opportunity to address and resolve the claim on the merits." *Id.*; *see also* Footman v. Singletary, 978 F.2d 1207, 1210–11 (11th Cir. 1992). And, to fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732, 144 L. Ed. 2d 1 (1999) (citing 28 U.S.C. § 2254(c)). Florida law requires either an appeal of each issue, or where a motion for post-conviction relief is appropriate, the filing of such a motion and an appeal therefrom. Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) (citations omitted). Failure to exhaust is proper grounds for dismissal of

a federal habeas petition. Keeney, 504 U.S. 1 at 10. Finally, a federal district court ordinarily must dismiss without prejudice a habeas petition that contains both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 519–20, 102 S. Ct. 1198, 1204, 71 L. Ed.2d 379 (1982). The only exception to this rule recognized by the Eleventh Circuit is where it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default. *See* Snowden v. Singletary, 135 F.3d 723, 736 (11th Cir. 1998). In that case, the district court may treat those claims barred by state law as no basis for federal habeas relief. *Id.*

In the instant amended habeas petition, Petitioner states he has been found guilty in the Circuit Court in and for Escambia County, Florida of one count of carrying a concealed weapon and three counts of possession of a controlled substance with the intent to sell, manufacture, or deliver, and he challenges the conviction by raising the following claims: (1) violation of the interstate agreement on detainers act; (2) violation of his right to a speedy trial; and (3) violation of the uniform compact agreement (*see* Doc. 16 at 1, 4–5). As relief, Petitioner seeks "dismissal of the charges" of which he has been convicted. However, Petitioner acknowledges that the appeal of the judgment and conviction is "in the process" (*id.* at 2). Therefore, because the appeal is pending the instant action is likely subject to dismissal for failure to exhaust state court remedies. As noted *supra*, to fully exhaust, Petitioner must give the state courts a full opportunity to resolve any constitutional issues by invoking a complete round of the State's appellate review process, O'Sullivan v. Boerckel, 526 U.S. at 845, which under Florida law requires either an appeal of each issue, or where a motion for post-conviction relief is appropriate, the filing of such a motion and an appeal therefrom. Leonard, 601 F.2d at 808. The instant petition reveals that Petitioner has not yet completed one round of the appellate review process.

Additionally, Petitioner has failed to demonstrate that there is an absence of an available state corrective process or that circumstances exist that render the state process ineffective to protect his rights. Indeed, Petitioner has the right to raise the claims he has raised in the instant habeas petition in his state court appeal. In sum, it appears that Petitioner has failed to exhaust his state court remedies because his direct appeal is still pending, and therefore, that Petitioner is not entitled to habeas relief on his claims. Notwithstanding, if Petitioner wishes to proceed with this action, he shall be required to submit two (2) service copies of his amended petition (Doc. 16). Alternatively,

if Petitioner determines that he does not wish to proceed with this habeas action at this time, he shall file a notice of voluntary dismissal.

Lastly, Petitioner has requested additional time within which to pay the filing fee and submit an amended habeas petition (*see* Docs. 20, 21).[1]  Because the court has received the filing fee from Petitioner, Petitioner's motion regarding the filing fee (Doc. 20) shall be denied as moot. Petitioner's motion regarding submitting an amended habeas petition (Doc. 21) shall also be denied as moot, because the court has received an amended habeas petition from Petitioner.

Accordingly, it is hereby **ORDERED**:

1. Petitioner's "Request for Documents" and "Motion for Extension of Time" (Docs. 20, 21) are **DENIED as moot**.

2. Petitioner's "Statement of Facts" (Doc. 19), construed as a motion to supplement the amended habeas petition with exhibits, is **DENIED**.

3. If Petitioner does not wish to proceed with this action, he shall file a notice of voluntary dismissal within **THIRTY (30) DAYS** of the date of docketing of this order. Alternatively, and within the same time, Petitioner shall submit two (2) service copies of the amended petition (Doc. 16).

4. Petitioner's failure to comply with this order may result in a recommendation that this case be dismissed.

**DONE AND ORDERED** this 21st day of April, 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] In Document 20, Petitioner additionally requests that this court provide him with a copy of the Local Rules for the Northern District of Florida.  Petitioner is advised that due to the significant postage associated with mailing the Local Rules, Petitioner must send a self addressed 9" x 12" envelope bearing $2.19 in postage for the clerk to supply a copy by mail.  If Petitioner has friends or family to assist him, the Local Rules may be picked up at the Clerk's Office, or downloaded  from our website (www.flnd.uscourts.gov) without cost.

Case No.:  3:09cv78/LAC/EMT