## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**LANCE MURPHY,**
           **Petitioner,**

**vs.**                                                  **Case No. 3:09cv78/LC/MD**

**STATE OF FLORIDA,**
           **Respondent.**

---

## <u>ORDER</u>

This cause is before the court upon petitioner filing a motion to amend his habeas corpus petition filed under 28 U.S.C. § 2254.  (Doc. 37).  The motion was accompanied by petitioner's proposed second amended petition.  (Doc. 38).  In the interests of justice, the motion will be granted.  However, because the second amended petition is not in proper form, petitioner will be required to file an amended petition.

Contrary to 28 U.S.C. § 2242 and the directions on the petition form, the second amended petition does not name as respondent the <u>person</u> who has custody over petitioner; rather, it names the State of Florida.  The State is not a proper respondent in a habeas corpus proceeding.  At the time petitioner initiated this action on February 25, 2009, he indicated that he was a pre-trial detainee confined at the Escambia County Jail. (Doc. 1, p. 6).  On May 7, 2009, prior to filing his second amended petition, he filed a notice of change of address indicating that he was no longer at the Escambia County Jail, but was residing in Elberta, Alabama.  (Doc. 30).  His second amended petition, however, states that petitioner is presently confined at the Escambia County Jail.  (Doc. 38, p. 1).

In order ascertain the proper respondent, petitioner must clarify whether he is incarcerated and, if so, the identity of his immediate custodian.  If he is not presently

incarcerated, the named respondent should be the Attorney General of the State of Florida. *See* Rule 2(b) of the Rules Governing Section 2254 Cases 1976 advisory committee's note; *see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

Petitioner must also clarify the relief he seeks.  His second amended petition requests that this court "take Federal Jurisdiction of [his] case" and dismiss the pending charges.  (Doc. 38, p. 6).  Given the fact that petitioner has been convicted of the charges and they are no longer pending, he should modify his request for relief.

Accordingly, it is ORDERED:

1.  Petitioner's motion to amend (doc. 37) is GRANTED, but the second amended petition (doc. 38) shall not take effect.

2.  The clerk shall forward to petitioner the form for use in § 2254 cases.  This case number and the words "Third Amended Petition" shall be written on the form.

3.  Within **thirty (30) days** of the date of this order, petitioner shall file his amended petition correcting the above-noted deficiencies.  The amended petition shall be typed or clearly written and submitted on the court form.  Petitioner is advised that the amended petition must contain all of his grounds for relief, and it should not in any way refer to the previously filed petitions.  Once an amended petition is filed, all earlier petitions are disregarded.  N. D. Fla. Loc. R. 15.1.

4.  Petitioner's failure to comply with this order as instructed will result in a recommendation to the District Court that this case be dismissed for failure to comply with an order of the court.

DONE AND ORDERED this 29th day of June, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:09cv78/LC/MD*