IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LANCE MURPHY,
    Petitioner,

v.                                   Case No.  3:09cv78/LC/CJK

ATTORNEY GENERAL OF THE STATE
OF FLORIDA,
    Respondent.
_____

## REPORT AND RECOMMENDATION

Before the Court is a third amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 40). Respondent has filed an answer, submitting relevant portions of the state court record. (Doc. 53). Petitioner has replied. (Doc. 59). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. It is further the opinion of the undersigned that the pleadings and attachments before the Court show that petitioner procedurally defaulted his claim. Therefore, the petition should be denied.

BACKGROUND AND PROCEDURAL HISTORY

On February 25, 2009, petitioner initiated this action by filing a *pro se* federal habeas petition. (Doc. 1). Two days later, on February 27, 2009, petitioner was convicted, pursuant to his no contest pleas, of one count of selling cocaine, two

counts of possessing a controlled substance with intent to sell, and one count of carrying a concealed weapon, in the Circuit Court for Escambia County Florida, Case No. 06-0309. (Doc. 53, Exs. S, T).[1] Petitioner was adjudicated guilty that same day, and sentenced to 6 months in the county jail with credit for 6 months time served. (*Id*.). On March 8, 2009, petitioner filed a notice of appeal with the Escambia County Circuit Court. (Ex. V). He moved to withdraw the appeal the next day. (Ex. W).[2] As a result, the notice of appeal was not mailed to the state appellate court. (Ex. A, Lines 171-172; *see also* Doc. 40, p. 2 (petitioner's indication on the petition form that he withdrew his notice of appeal and therefore did not appeal from the judgment of conviction)). Petitioner, therefore, has not directly appealed his conviction, nor has he moved for postconviction relief in the state court. (Ex. A).

Petitioner filed an amended habeas petition in this Court on March 9, 2009. (Doc. 16). He moved to amend that petition on June 23, 2009. (Doc. 37). Now pending is petitioner's third amended petition. (Doc. 40). Although petitioner separates his argument into three grounds for relief, he asserts only one claim: that the state violated the Interstate Agreement on Detainers Act ("IADA") by not trying him within the applicable 180-day deadline. (*Id*.). Respondent asserts petitioner procedurally defaulted his IADA claim; therefore, he is not entitled to federal habeas relief. Respondent alternatively argues that the claim is without merit. (Doc. 53, pp. 5-10).

---

[1] Hereafter, all references to exhibits will be to those provided at Doc. 53, unless otherwise noted.

[2] Petitioner explains: "Petitioner 'withdrew' his notice of appeal pending relief from the Federal Court due to the matter not being a state violation, but a straight Federal (IADA) violation." (Doc. 40, Attach. Statement of Facts p. 2).

EXHAUSTION AND PROCEDURAL DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[3] thereby giving the state the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim.  *Duncan*, *supra*, 513 U.S. at 365-66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78.  A federal issue that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.*, procedurally barred from federal review.  *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S.Ct. at 1734; *Bailey v.*

---

[3]Section 2254 provides, in pertinent part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i)  there is an absence of available State corrective process; or

        (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

*Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999).

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of the claim. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)). Lack of counsel or ignorance of available procedures is not enough to establish cause. *Tower v. Phillips*, 7 F.3d at 210. To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Id.*, 513 U.S. at 327.

The facts underlying petitioner's presentation of his IADA claim in the state courts are undisputed. During the course of his criminal proceeding, petitioner filed several requests for "Final Disposition Under the Interstate Agreement on Detainers Act" in the state trial court, which were dismissed. (Doc. 40, Attach., Statement of Facts and Exs. 2-7; Doc. 53, Exs. E-L ). Thereafter, petitioner filed in the state trial court a "Motion to Dismiss for Failure to Comply with the Interstate Agreement on Detainers." (Doc. 40, Ex. 8; Doc. 53, Ex. M). The state court ordered the State to

respond. Doc. 40, Ex. 9; Doc. 53, Ex. N). After receiving the State's response, the trial court denied the motion on September 9, 2008. (Doc. 40, Ex. 11; Doc. 53, Ex. P). After entry of his no contest pleas, petitioner filed a Notice of Appeal in the trial court. (Doc. 53, Ex. V). He moved to withdraw the appeal the next day. (*Id.*, Ex. W). Therefore, petitioner did not give the state appellate court the opportunity to pass upon and correct the alleged IADA violation. Petitioner did not move for postconviction relief. The time for initiating a direct appeal and moving for postconviction relief has expired. Fla. R. App. P. 9.140(b)(3); Fla. R. Crim. P. 3.850(b); *see also Waiter v. State*, 965 So.2d 861, 862 (Fla. 2nd DCA 2007) (holding that if the defendant does not file a direct appeal, the time period to file a Rule 3.850 motion expires two years and thirty days after the sentencing). Petitioner's IADA claim is therefore procedurally defaulted. Petitioner has made none of the requisite showings to excuse his default. Rather, petitioner admits in his reply that his claim is procedurally barred, (doc. 59, p. 5), and merely argues the merits of his IADA claim. (Doc. 59). Accordingly, this Court should decline to address the merits of the claim and should deny the petition.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Therefore, it is recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That the third amended petition for writ of habeas corpus (doc. 40), challenging the convictions and sentences in *State of Florida v. Lance Steri Murphy* in the Circuit Court for Escambia County, Florida, Case No. 06-0309 be DENIED, and the clerk be directed to close the file.

2.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 26th day of September, 2011.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).